**STONE BOWLING COMPANY, Appellant, v. BOWERS, Tax Commr., Appellee.**

The Board of Tax Appeals, Department of Taxation, State of Ohio

No. 35192. Decided January 9, 1958.

George W. Byers, Cincinnati, for appellant.

William Saxby, Atty. Genl., By John M. Tobin, Asst. Atty. Genl., for appellee.

### · OPINION

This cause and matter came on to be considered by the board of tax appeals upon a notice of appeal filed herein under date of September 4, 1957, by the appellant above named from a final order of the tax commissioner dated August 23, 1957, in and by which final order the tax commissioner denied appellant's application for review and redetermination of an increased personal property tax assessment for the year 1957.

The cause was submitted to the board of tax appeals upon the notice of appeal, the statutory transcript supplied by the tax commissioner, the testimony and evidence presented at a hearing before the board of tax appeals in Cincinnati, Ohio, November 21, 1957, and the briefs supplied by counsel.

The appellant omitted from Schedule 4 of its 1957 Personal Property Tax Return a $14,000.00 item representing the installation charge on

leased Pinspotters. Thereafter, upon audit of appellant's books, the tax commissioner added this $14,000.00 item to said schedule.

The question for decision is whether the standard installation cost paid to the owner-lessor by the lessee-appellant is an item which is subject to taxation to appellant as tangible personal property?

The facts are not in dispute and may be summarized as follows:

The Stone Bowling Company is an Ohio corporation for profit organized in February of the year 1939. In the year 1954 the appellant entered into a lease with AMF Pinspotters, Inc. covering the installation and rental of 28 AMF Automatic Pinspotters in appellant's bowling alleys in Cincinnati, Ohio. Under the terms of the lease appellant paid an installation charge of $500.00 per machine for the installation of each of the 28 machines. The total amount of $14,000.00 was placed upon appellant's books in an account titled "AMF Pinspotters Inc." This amount was not treated on the books of the appellant as an asset, and the amount is being written off appellant's books at the rate of 10% per year over a 10-year period for Federal Income Tax purposes. Under the terms of the lease no provision is made for a refund of any part of the $14,000.00 installation charge in the event the lease is terminated. The pinspotting machines were delivered to appellant's bowling alleys in a "knocked down" condition in crates, boxes and packages. The $500.00 installation charge is a standard charge made by AMF Pinspotters, Inc. and is said to cover transportation or freight and the labor of installing the pinspotters on the job site. The actual installation of the machines is performed by subcontractors employed by AMF Pinspotters, Inc., who pay the contractors for the installation. Although installation of the machines is done under the supervision of an employee of AMF Pinspotters, Inc., the adjustments on the machines are made by its employees. AMF Pinspotters pays the personal property tax on the machines and subsequently invoices this amount to The Stone Bowling Company, who, in turn, pays the lessor.

From the above stated facts it is evident that the only tangible personal property involved in this appeal has already been listed for 1957 taxation by its owner, AMF Pinspotters, Inc., and that the tax thereon has been paid. This board can find no justification in the statutes for requiring the appellant to list as tangible personal property the installation charge paid to the owner of the pinspotters. Under the circumstances in this case the $14,000.00 was a deferred charge on appellant's books and not subject to taxation to appellant as tangible personal property.

The final order of the tax commissioner is, therefore, reversed.